IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DR. JAMES BAILEY, <br> DR. PIPPA MERIWETHER, and <br> DR. DAMON CATHEY, <br><br> Plaintiffs, <br><br> v. <br><br> METROPOLITAN GOVERNMENT <br> OF NASHVILLE AND DAVIDSON <br> COUNTY, TENNESSEE and <br> DR. ADRIENNE BATTLE, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 3:21-cv-00122 <br><br> JUDGE TRAUGER <br><br> JURY DEMAND (6) |

## INITIAL CASE MANAGEMENT ORDER

**A. JURISDICTION:** The court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

**B. BRIEF THEORY OF THE PARTIES**

a. **PLAINTIFFS:** Plaintiffs Dr. James Bailey ("Dr. Bailey"), Dr. Pippa Meriwether ("Dr. Meriwether"), and Dr. Damon Cathey ("Dr. Cathey") are all long-time current or former employees of the Metropolitan Nashville Public Schools ("MNPS"), a division of Defendant, the Metropolitan Government of Nashville and Davidson County ("Metro"). Defendant Dr. Adrienne Battle ("Dr. Battle") is MNPS's Director of Schools.

In 2018, Dr. Bailey was the Executive Principal at the school where Dr. Battle's close relative (hereafter, the "Relative") also worked. Dr. Bailey recommended termination of the Relative after the Relative beat up a student's parent at a basketball game and also mishandled funds. Dr. Meriwether (at the time, the Community Superintendent over Dr.

Bailey) upheld the termination. Dr. Bailey testified at the Relative's appeals hearing, wherein the termination was upheld. In 2019, Dr. Cathey questioned Dr. Battle's judgment in rejecting his recommendation to fire a principal who Dr. Cathey learned was falsifying student grades and refused to agree with Dr. Battle when Dr. Battle questioned the "loyalty" of another employee whose close relative sued MNPS based on violations of Title VII.

Less than two months after Dr. Battle was appointed as Director of Schools in March 2020, Dr. Bailey was fired and then told he was being transferred into a lower position as a teacher for which he was not licensed and Dr. Cathey and Dr. Meriwether were demoted. All three Plaintiffs were told they were being terminated and/or demoted due to the budget; however, at the time of the termination and/or demotions, MNPS was adding new positions, hiring new employees, and had funds in the budget to fund the Plaintiffs' respective positions. Dr. Bailey (age 48) was terminated and replaced with a 36-year-old. Dr. Meriwether (age 58) and Dr. Cathey (age 55) were both Associate Superintendents and told their positions were being eliminated due to the budget, but that they could apply for an Executive Director role (a one-step demotion from the Associate Superintendent role). MNPS required all the Executive Directors to re-apply for their jobs for the 2020-2021 school year. MNPS did not hire either Dr. Meriwether or Dr. Cathey for any of the fifteen Executive Director positions. All the individuals MNPS hired as Executive Directors were younger than Dr. Cathey and Dr. Meriwether, except for one, and many had less experience and education than Dr. Cathey and/or Dr. Meriwether. Dr. Cathey and Dr. Meriwether are both currently principals for MNPS, which is not

comparable to the Associate Superintendent role and resulted in a significant reduction in salary.

Accordingly, Dr. Bailey alleges he was terminated in violation for engaging in protected speech (*i.e.*, his testimony at the Relative's appeals hearing) in violation of 42 U.S.C. § 1983 and the First Amendment and/or for refusing to remain silent about the Relative's assault of a parent in violation of the Tennessee Public Protection Act, Tenn. Code Ann. § 50-1-304. Plaintiffs all allege they were terminated or demoted in violation of the Tennessee Teacher Tenure Act (the "TTTA"), Tenn. Code Ann. § 49-5-501, *et seq.*; 42 U.S.C. § 1983; and the Due Process Clause of the Fourteenth Amendment, because MNPS terminated then transferred Dr. Bailey into a lower position as a teacher for which he was not licensed and transferred Dr. Meriwether and Dr. Cathey in a sham reduction in force which was improperly motivated by retaliation for the Plaintiffs' actions described above; without proper cause; and without complying with the TTTA. Plaintiffs further allege they were terminated (in the case of Dr. Bailey) or demoted (in the case of Dr. Meriwether and Dr. Cathey) because of their ages in violation of the Age Discrimination in Employment Act and the Tennessee Human Rights Act.

b. **DEFENDANTS:** The legislature has given the director of school's wide discretion to manage the school system - particularly with regard to transfers. "The director of schools, when necessary to the efficient operation of the school system, may transfer a teacher from one location to another within the school system, or from one type of work to another for which the teacher is qualified and licensed…" TENN. CODE ANN. § 49-5-510. Also, under § 49-2-301(L), it is her duty to "Assign teachers…to the several schools." To that end, in early 2020, Dr. Battle initiated a reorganization of the leadership structure with

an eye toward saving much money for the district and revitalizing the culture within MNPS. The successful (and district-wide) reorganization stands as a legitimate, non-discriminatory reason for the employment actions complained of in this matter. The reorganization required the elimination of *all* Associate Superintendent positions, several other administrative positions, and the expansion of the Executive Director position. Additionally, before the new school year, school leadership changes were made in order to place certain schools in a better position for success.

Accordingly, at the end of the 2019-20 school year, Plaintiffs Meriwether and Cathey (along with all of the above-mentioned employees) had their positions eliminated/consolidated as part of that reorganization. Also, Whites Creek High School had been underperforming for several years and continuing to decline during the past three years. Whites Creek received a composite TVAAS score of "Level 1," or "below expectations," during each of these years. Due to such scores, Plaintiff Bailey was not rehired to his principalship. This move was motivated by a legitimate, non-discriminatory reasons (the sustained underperformance). Further, Plaintiff Bailey was acting within the scope of his duties as a principal when he recommended MNPS terminate the basketball coach; when he gave testimony in an administrative hearing on the Coach's appeal; and when he gave testimony at that same hearing about an employee who may have mishandled funds. None of these actions served to deter, expose, and stop any wrongdoing on the part of MNPS. Instead, they involved wrongdoing on the part of individual employees at his school. This is not protected activity under the TPPA or the First Amendment. Also, Plaintiff Bailey was not terminated or fired. In fact, he was offered a new position within the district which he declined. Then he voluntarily resigned.

4

Case 3:21-cv-00122   Document 39   Filed 07/26/21   Page 4 of 7 PageID #: 351

Furthermore, Plaintiffs' tenure status did not create any protected property right in their specific positions. TENN. CODE ANN. § 49-5-501(11)(C) ("No teacher, including administrative and supervisory personnel, who has acquired tenure status is entitled to any specific position."). Because Plaintiffs had no legitimate claim of entitlement to the specific positions that they held, they had no property interest at stake. Further, Plaintiffs Meriwether and Cathey's transfers were necessary for the efficient operation of the school system. Therefore, their transfers were not equivalent to demotions and did not violate any provision of state or federal law.

C. **ISSUES RESOLVED:** Jurisdiction and venue.

D. **ISSUES STILL IN DISPUTE:** Liability and damages.

E. **INITIAL DISCLOSURES:** The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before August 9, 2021.

F. **DISCOVERY:** The Parties shall complete all written discovery and depose all fact witnesses on or before May 23, 2022. Discovery is not stayed during dispositive or other motions, unless ordered by the Court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

G. **MOTIONS TO AMEND.** The parties shall file all Motions to Amend on or before March 28, 2022.

H. **DISCLOSURE OF EXPERTS:** The plaintiff shall identify and disclose all expert witnesses and expert reports on or before March 11, 2022. The defendant shall identify and disclose all expert witnesses and reports on or before April 11, 2022.

**I. DEPOSITIONS OF EXPERT WITNESSES:** The parties shall depose all expert witnesses on or before May 23, 2022.

**J. JOINT MEDIATION REPORT.** The parties shall file a joint mediation report on or before May 15, 2022.

**K. DISPOSITIVE MOTIONS:** The parties shall file all dispositive motions on or before July 11, 2022. Responses to dispositive motions shall be filed within 30 days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Brief shall not exceed 20 pages. No motion for partial summary judgment shall be filed except upon leave of Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

**L. ELECTRONIC DISCOVERY.** The parties anticipate reaching an agreement on how to conduct electronic discovery; therefore, Administrative Order No. 174-1 need not apply to this case. If the parties do not reach an agreement on how to conduct discovery, however, Administrative Order No. 174-1 will control.

**M. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:** The parties expect the trial to last approximately 4-5 days.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
U.S. District Judge

**APPROVED FOR ENTRY:**

/s/ *Ann Steiner*

Ann Buntin Steiner, BPR No. 11697
Steiner & Steiner, LLC
613 Woodland Street
Nashville, TN 37206
Telephone:	(615) 244-5063
Email:	asteiner@steinerandsteiner.com

*Attorney for Plaintiffs Dr. James Bailey & Dr. Pippa Meriwether*


/s/ *Jesse Ford Harbison*

Jesse Ford Harbison, BPR No. 032105
Jesse Harbison Law, PLLC
1109 N. 6th Street
Nashville, TN 37207
Telephone:	(615) 415-3285
Email:	jesse@jesseharbisonlaw.com

*Attorney for Plaintiff Dr. Damon Cathey*

/s/ *J. Brooks Fox*

J. Brooks Fox, BPR No. 16096
Metropolitan Government of Nashville
Department of Law
Metropolitan Courthouse, Suite 108
P.O. Box 196300
Nashville, Tennessee 37219
Telephone:	(615) 862-6375
Email:	brook.fox@nashville.gov

*Counsel for Defendants*