IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| JANE DOE | ) | |
| | ) | CONSOLIDATED CASES |
| v. | ) | Case No. 3:20-cv-01023 |
| | ) | Judge Trauger |
| METROPOLITAN GOVERNMENT OF | ) | Magistrate Judge Holmes |
| NASHVILLE AND DAVIDSON COUNTY, | ) | |
| TENNESSEE and DR. ADRIENNE BATTLE | ) | |
| | | |
| DR. LILY MORENO LEFFLER | ) | |
| | ) | |
| v. | ) | Case No. 3:21-cv-00038 |
| | ) | |
| METROPOLITAN GOVERNMENT OF | ) | |
| NASHVILLE AND DAVIDSON COUNTY, | ) | |
| TENNESSEE and DR. ADRIENNE BATTLE | ) | |
| | | |
| DR. JAMES BAILEY, DR. PIPPA | ) | |
| MERIWETHER, and DR. DAMON CATHEY | ) | |
| | ) | |
| v. | ) | Case No. 3:21-cv-00122 |
| | ) | |
| METROPOLITAN GOVERNMENT OF | ) | |
| NASHVILLE AND DAVIDSON COUNTY, | ) | |
| TENNESSEE and DR. ADRIENNE BATTLE | ) | |

**O R D E R**

Pending before the Court by referral from the District Judge are Defendant Metro's motions to quash subpoenas filed separately in these related cases – Docket No. 48 in Case No. 3:20-cv-01023, Docket No. 47 in Case No. 3:21-cv-00038, and Docket No. 42 in Case No. 3:21-cv-00122 – each of which is, for the reasons discussed in more detail below, GRANTED without prejudice for Plaintiffs to file a motion to take the requested non-party depositions based on further developments. The parties also raised issues about other discovery, which are further addressed below.

The facts of this case are presumed and are not again recited here, except as necessary to explain or give context to the Court's ruling. Essentially, these cases are disputes over the termination or demotion of Plaintiffs (in the three related cases) ostensibly for budgetary reasons. Plaintiffs assert a variety of causes of action based, in part, on their contention that the budgetary reason given for the adverse employment actions taken against them is pretextual. To explore whether the claimed budgetary reason is pretextual, Plaintiffs issued subpoenas for the depositions of Sharon Gentry, Amy Frogge, and Jill Speering, all of whom are or were at the time of the events giving rise to Plaintiffs' complaints members of the Metro Nashville Public Schools Board of Education (the "school board").

**Motion to Quash**

Defendant Metro seeks to quash the subpoenas, arguing that the legislative and deliberative process privileges protect the school board members from testifying and that the information Plaintiffs seek through the depositions is available through other means. Plaintiffs argue that (1) Metro cannot assert the privilege on behalf of individual school board members: (2) Metro failed to comply with the procedural requirements to invoke the privilege; (3) the privilege does not apply to discrimination claims; (4) the motion to quash is premature because application of the privilege depends on information sought during the depositions; and, (5) even if the motion is not premature, the factors in the case of *Rodriquez v. Pataki*, 280 F.Supp.2d 89, 93-94 (S.D. N.Y. 2003), compel a determination that the privilege does not apply.

Federal Rule of Civil Procedure 26(b)(1) allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense...." Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The scope of discovery, however, does have "ultimate and

2

necessary boundaries," *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978), and the court may limit the extent of discovery in a variety of circumstances. Fed.R.Civ.P. 26(b)(2)(C), (c). The ability to limit discovery is within the sound discretion of the trial court. *Chrysler Corp. v. Fedders Corp.,* 643 F.2d 1229, 1240 (6th Cir.1981).

"[A]s a general rule, a party has no standing to seek to quash a subpoena directed to a non-party." *United States v. Well* s, No. 06-10589, 2006 WL 3203905, *2 (E.D.Mich. Nov.3, 2006); *Microsoft Corp. v. Tech. Enter., LLC,* No. 07-mc210, 2008 WL 424613, *1 (S.D.Ind. Feb.13, 2008); *Hadix v. Caruso,* No. 92-cv-110, 2006 WL 2865506, *1 (W.D.Mich. Oct.3, 2006). But an exception exists where the party-movant can demonstrate a claim of privilege or personal right. *Mann v. Univ. of Cincinnati,* No. 95-3195, 1997 WL 280188, *4 (6th Cir.1997) (per curiam); *Microsoft,* 2008 WL 424613 at *1 (quoting *United States v. Raineri,* 670 F.2d 702, 712 (7th Cir.1982)); *Schweinfurth v. Motorola, Inc.,* No. 05-cv-024, 2008 WL 4981380, *2 (N.D.Ohio Nov.19, 2008). Finally, a party seeking to quash a subpoena bears a heavy burden of proof. *Wells,* 2006 WL 3203905 at *2. With these general standards in mind, the Court addresses the arguments made by Plaintiffs.

**Metro's assertion of legislative privilege**

Plaintiffs rely on a number of cases from other jurisdictions in arguing that the legislative privilege can only be waived or asserted by individual legislators. However, not all the cases support that proposition. There are at least a few cases that restrict assertion or waiver of the legislative privilege to individual legislators. *See e.g. ACORN v. County of Nassau*, No. CV 05-2301, 2007 WL 2815810, at *4 (E.D. N.Y. Sept. 25, 2007) (internal citations omitted). However, many of the other cases cited by Plaintiffs simply acknowledge that the privilege may be asserted or waived by individual legislators with limiting assertion or waiver. Further, in other cases, the

3

legislative body was permitted to assert the privilege on behalf of individual legislators. *See e.g. Harris v. Arizona Indep. Redistricting Comm'n*, 993 F.Supp.2d 1042, 1068-69 (D. Ariz. 2014) *aff'd* (on other ground)s, 578 U.S. 253 (2016) (defendant redistricting commission moved for protective order on basis of legislative privilege); *Cunningham v. Chapel Hill, ISD*, 438 F.Supp.2d 718, 719-20 (E.D. Tex. 2006) (defendant CHISD asserted privilege on behalf of individual school board member); *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 164 F.R.D. 257, 259 (N.D. Fla. 1995) (Florida legislator moved for a protective order regarding depositions of legislative staff employees). *See also Logan's Super Markets, Inc. v. McCalla*, 343 S.W.2d 892, 894 (Tenn. 1961) (legislative privilege is akin to judicial privilege, which belongs to the public, not to the individual)

Given that there is no controlling precedent on the question of who may assert a legislative privilege, the Court elects to follow those courts that permitted the legislative body to assert the privilege. That approach makes sense because it is the work of the legislative body that gives rise to the privilege in the first place. This inextricable link between the legislative body and the legislative privilege also confers standing on Metro move to quash the subpoena based on legislative privilege.

Nevertheless, counsel for Metro stated that Metro would submit affidavits from the individual school board members attesting to their intention to individually invoke the privilege. Instructions for such filings are detailed below.

**Procedural requirements for assertion of deliberative process privilege**

Neither party has discussed the distinction, if any, between the legislative privilege and the deliberative process privilege. In fact, the parties tend to use the terms interchangeably. While the legislative privilege contemplates a deliberative process within its scope, not every deliberative

4

process privilege is a legislative privilege. The deliberative process privilege in its purest form protects from discovery documents and internal communications that are part of an agency's decision-making process. *See NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 149, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975) (advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated are protected from discovery); *see also Dep't of Interior & Bureau of Indian Affairs v. Klamath Water Users Protective Ass'n,* 532 U.S. 1, 8, 121 S.Ct. 1060, 149 L.Ed.2d 87 (2001) (communications among governmental officials are protected from discovery to promote open and frank discussions).

Plaintiffs contend that, to the extent Metro is asserting the deliberative process privilege, the privilege can only be invoked by an agency head or high-ranking agency official, which Metro has not done. However, there is no binding precedent from the Sixth Circuit requiring assertion by an agency head or other official. *See Breakthrough Towing, LLC v. Hall*, Civil Action No. 15-cv-12526, 2017 WL 1164523, at *4 (E.D. Mich. March 29, 2017).

More fundamentally, the record is devoid of any information that would support Plaintiff's contention that the head of MNPS or some other high-ranking official should have described with particularity the information subject to the deliberative process privilege. From all references, the notices of deposition for the school board members issued by Plaintiffs were simple notices without any delineation of the specific areas of inquiry. Without this information, there is no practical way for Metro – or any MNPS official – to identify the areas of inquiry that might be encompassed within the privilege, whether legislative privilege or deliberative process privilege or some hybrid. Plaintiffs cannot complain that Metro did not state with particularity what information is subject to the privilege when Plaintiffs did not identify the specific information about which they seek inquiry through the noticed depositions. See e.g. *Johnson v. Metropolitan*

5

*Government of Nashville and Davidson County*, Nos. 3:07-0979, 3:208-00031, 2009 WL 1952780, at *4 n.4 (M.D. Tenn. July 2, 2009) (plaintiffs sought to take deposition of Civil Service Commission member on 10 delineated areas).

**Claimed privilege does not apply to discrimination claims**

Plaintiffs' argument that the legislative privilege does not apply to discrimination claims is unsupported by other cases from this district. In *Johnson v. Metropolitan Government of Nashville and Davidson County*, *supra*, this Court granted the motions of a non-party Metro Civil Service Commission member and a non-party newspaper reporter to quash subpoenas in two employment discrimination cases. In doing so, this Court noted that the issue of the government's intent, such as in a discrimination case, is an impediment to application of the legislative privilege only when the plaintiff claims that the governmental official asserting the privilege engaged in misconduct. 2009 WL 1952780, at *4 (citing *U.S. v. Lake County Bd. of Commissioners*, 233 F.R.D. 523, 526 (N.D. Ill. 2005) and *North Pacifica, LLC v. City of Pacifica*, 274 F.Supp.2d 1118, 1122 (N.D. Cal. 2003)). Here, there is no allegation that any of the school board members "committed any wrongdoing or had discriminatory intent" and legislative immunity is not therefore lost simply because Plaintiffs "happen to allege misconduct by other government officials." *Id*.

Rather, the critical assessment is whether the acts taken pertain to legislative functions, instead of being ministerial or administrative in nature. *Id*. at *2-3. Here, the action taken was a budgetary process during which various positions were ostensibly eliminated. Consideration of the school budget is a general policy decision, not aimed at any particular individual. The actions taken in approval of the budget process are inherently legislative.

6

It is not clear from the record what role the school board plays in specific personnel decisions, including termination or demotion of school directors. If the school board is called upon to consider or approve such decisions, those would arguably be administrative in nature. But that does not change the legislative character of the subject vote on the school budget. If however, after further discovery, Plaintiffs uncover facts that tend to support their theory that the elimination of positions was not part of the budget process or that specific individuals were targeted for adverse employment actions, they may request permission to take the depositions of the school board members.

The Court is aligned with the reasoning enunciated in *Johnson* and in the memorandum opinion by Judge Bryant. 2009 WL 819491 (M.D. Tenn. March 26, 2009). Based on *Johnson* and the legislative nature of the actions taken by the school board members in consideration of the schools budget, the Court finds that the legislative privilege precludes the noticed depositions of the school board members and supports the motion to quash.

The Court does not find that *Hargett v. Nashville Student Organizing Committee* compels a different outcome. 123 F.Supp.3d 967 (M.D. Tenn. 2015). First, that case involved a very different kind of case, one at which "relatively novel" constitutional challenges to "Tennessee's uniquely restrictive Voter ID law" and other serious public policy concerns were at the center. *Id*. at *971. The Court is not in any minimizing the discrimination claims in these cases or the impact on the individual plaintiffs. The cases are simply different, with different considerations.

Additionally, as noted in the *Hargett* case, in a challenge to a state law, there is a dearth of available information about the purpose of the official action other than the legislative history. *Id*. In *Harget*t, the plaintiffs had already subpoenaed documents from individual legislators and from the Tennessee General Assembly's Office, with limited response. Here, Plaintiffs can depose

7

Case 3:21-cv-00122    Document 63    Filed 12/13/21    Page 7 of 10 PageID #: 870

Dr. Battle and other witnesses about the circumstances that eventually resulted in the termination or demotion of Plaintiffs. They can also request documents and conduct other discovery.

Further, in the *Hargett* case, Plaintiffs identified eight specific topics related specifically to the challenged law. *Id*. at 968-69. Here, the notices of deposition were apparently open-ended. In *Hargett*, the depositions were permitted, at least in part, because the legislative privilege considerations were "not suitable for resolution in the abstract." *Id*. at 971. And in permitting the depositions, the Court expressly noted that the testimony is "potentially privileged, at least in part." *Id*. For all these reasons, the Court does not find that *Hargett* militates against application of the legislative privilege under the circumstances presently before the Court in this case.[1]

### Verification of Interrogatories by Metro Attorney

Although not raised directly raised by Plaintiffs, they also assert that Metro's responses to interrogatories are deficient because they are verified by in-house counsel with the Metro Law Department.[2] Although the Court was initially inclined to concur with Plaintiffs due to the practical implications of an attorney potentially being a witness in the case and concerns over whether the verifying individual must have personal knowledge of the answers, after further reflection, the Court has determined that it is more prudent for the parties to raise and fully brief this issue since there is authority for Metro's position. *See e.g. Gazvoda v. Secretary of Homeland Security*, Case No. 15-cv-14099, 2018 WL 1281756, at *11 (E.D. Mich. March 13, 2018) *Longino*

---

[1] Because the Court has determined that the depositions are precluded by application of the legislative privilege as articulated in the *Johnson* case, there is no need to reach the other two arguments raised by Plaintiffs that the privilege is premature or that the Court is required to apply any other factors.

[2] Presumably, Dr. Battle has verified or will verify her individual responses to interrogatories, as Rule 33(b)(1)(B) extends only to corporate or governmental defendants, not to individuals.

8

*v. City of Cincinna*, No. 1:12-cv-424, 2013 WL 831738, at *4 (S.D. Ohio March 6, 2013) (collection of cases); *EEOC v. Chrysler LLC*, 2008 WL 2622948, at *1 (E.D. Mich. July 2, 2008). The Court's further instructions to the parties regarding this issue are detailed below.

Based on the foregoing, the Court ORDERS as follows:

1. Defendant Metro's motions to quash subpoenas filed separately in these related cases – Docket No. 48 in Case No. 3:20-cv-01023, Docket No. 47 in Case No. 3:21-cv-00038, and Docket No. 42 in Case No. 3:21-cv-00122 – each of which is GRANTED without prejudice for Plaintiffs to file a motion to take the requested non-party depositions based on further developments.

2. By no later than **December 15, 2021**, Metro must file affidavits from each individual school board member affirming their invocation of the legislative privilege.[3]

3. Defendants must promptly provide supplemental discovery responses in *Leffler* and complete responses in *Doe* and *Bailey*. If Metro fails to do so, Plaintiffs may file a motion to compel without the necessity of a discovery conference, and Plaintiffs should refer to this Order in their motion to compel as the basis for filing a motion without a preceding request for a discovery conference. But the motion to compel can only be filed after the parties have made a good faith attempt to resolve the issues in accordance with Local Rule 37.01.

4. The parties shall also in accordance with Local Rule 37.01 confer and attempt to resolve any dispute regarding verification by an in-house Metro attorney of interrogatory responses

---

[3] The filing deadline instructed by the Court during the November 23 discovery conference was December 10. Metro should have been working on obtaining the affidavits with that deadline in mind. Nevertheless, given the unavoidable delay in entry of this order, the Court has allowed a few more days.

and, if they are unable to do so, may include in their motion to compel any request for relief based on that issue.[4]

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[4] To be clear, counsel should discuss all potential issues implicated by the verification of interrogatory responses by the party's attorney, including, but without limitation, whether that person is required to possess personal knowledge of the answers and the prospect that the attorney may be called as a witness.